UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY OLOCKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BARTON HEALTHCARE SYSTEM, BARTON MEMORIAL HOSPITAL, BARTON MEMORIAL HOSPITAL FOUNDATION INC.,<br><br>Defendants. | No. 2:20-cv-00789-MCE-CKD<br><br>**ORDER** |

Through the present lawsuit, Plaintiff Kimberly Olocki ("Plaintiff") alleges she was subjected to discrimination, retaliation, and harassment by her former employer, Defendant Barton Memorial Hospital, and was ultimately terminated, because she was disabled and she sought job accommodations due to domestic violence. Plaintiff's original complaint, filed April 16, 2020, alleges six claims under both state and federal law.

Presently before the Court is Plaintiff's Motion to Amend the Complaint (ECF No. 18), brought pursuant to Federal Rule of Civil Procedure 15(a),[1] which provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

1  The policy of favoring amendments to pleadings, as evinced by Rule 15(a), "should be
2  applied with extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir.
3  1981).  Once a district court has filed a pretrial scheduling order pursuant to Rule 16,
4  however, that Rule's standards control.  Johnson v. Mammoth Recreations, Inc.,
5  975 F.2d 604, 607-08 (9th Cir. 1992).
6      Here, the Court's Initial Scheduling Order, issued on April 17, 2020, the day after
7  Plaintiff's lawsuit was commenced, explicitly states that no "amendments to pleadings is
8  permitted without leave of court, good cause having been shown." ECF No. 3, 2:12-13.
9  That is consistent with Rule 16, which provides that prior to the final pretrial conference
10 in this matter, which has not yet been scheduled, the Court can modify its scheduling
11 order upon a showing of "good cause."  See Fed. R. Civ. P. 16(b).  Consequently,
12 Plaintiff's Motion to Amend, in relying upon Rule 15 rather than Rule 16, is predicated
13 upon the wrong standard.
14     "Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of
15 the party seeking to interpose an amendment and the prejudice to the opposing party,
16 Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking
17 the amendment." Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth
18 Circuit has stated that:

19/20/21/22/23
> [a] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

24 Id. (citations omitted).
25     Plaintiff's moving papers are devoid of any specific facts demonstrating that she
26 acted diligently in pursuing amendment, as Rule 16 requires.  While she cites the portion
27 of the Court's Initial Pretrial Scheduling Order, which clearly requires that good cause be
28 demonstrated even apart from whether Rule 15 or Rule 16 should apply, she states only

2

in the most general terms that she did not have enough information upon the filing of the original complaint to allege punitive damages, and only "discovered facts" to support such a claim during "subsequent investigation and partial discovery." ECF No. 18, 4:15-20. Nowhere does she state when such discovery was made so as to permit the Court to ascertain whether she acted diligently thereafter in moving to amend.[2] Nor does Plaintiff even inform the Court what those alleged new facts were, and an examination of the "new" allegations contained in Plaintiff's proposed First Amended Complaint reveals no additional facts whatsoever as opposed to mere recharacterizations of facts already pleaded, along with conclusory allegations pertaining to such facts.

Perhaps even more significantly, Plaintiff made no attempt by way of reply (none was submitted) to counter Defendants' argument that she failed to make the requisite showing of diligence, and therefore good cause for moving to amend. Plaintiff's Motion (ECF No. 18), as it presently stands, fails to demonstrate the required diligence, and is thus DENIED without prejudice.

IT IS SO ORDERED.

Dated:  August 12, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The only other reference to good cause contained in Plaintiff's Motion indicates that good cause was satisfied "because Plaintiff only discovered the facts necessary to allege an entitlement to punitive damages after going through reams of documents, some of which were provided by Defendant." Id. at 5:7-9. Again, however, Plaintiff does not indicate what those facts were, when she discovered them, or how quickly she moved to amend thereafter so as to establish she was diligent and therefore had good cause to file her motion when she did.

3