1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIMBERLY OLOCKI,                         No.  2:20-cv-00789 MCE CKD

12              Plaintiffs,

13        v.                                  ORDER

14   BARTON HEALTHCARE SYSTEM, et
     al.,
15
                Defendants.
16

17        On November 3, 2021, the court held a hearing on plaintiff's motion to compel the

18   depositions of four of defendants' employees.  (ECF No. 22.)  Thomas Dimitre appeared for

19   plaintiff, and Teresa Fitzgerald appeared for defendants.  For the reasons set forth below, the

20   undersigned will deny plaintiff's motion without prejudice.

21        This action concerns alleged harassment, discrimination, and retaliation by plaintiff's

22   employer.  The following facts are taken from the parties' joint statement on the motion to

23   compel.  (ECF No. 25.)

24        The complaint was filed April 16, 2020.  (ECF No. 1.)  The following day, the district

25   judge assigned to this action issued an Initial Pretrial Scheduling Order.  (ECF No. 3.)  The order

26   stated that all non-expert discovery must "be completed no later than three hundred sixty-five

27   (365) days from the last date the answer may be filed with the Court[.] . . . In this context,

28   'completed' means that all discovery shall have been conducted so that all depositions have been

1

1    taken and any disputes relative to discovery shall have been resolved by appropriate order if

2    necessary and, where discovery has been ordered, the order has been obeyed." (ECF No. 3 at 2.)

3    On May 14, 2020, defendants filed an answer to the complaint, the last day to do so.  Under the

4    Initial Pretrial Scheduling Order, the discovery cutoff date was one year later, May 14, 2021.

5         On July 21, 2020, the parties submitted a Joint Rule 26(f) Report and Discovery Plan,

6    proposing a non-expert discovery cutoff date of May 31, 2021.  (ECF No. 8 at 5.)  The court

7    never issued an order adopting this schedule.  Defendants contend that the operative schedule is

8    still the Initial Pretrial Schedule, while plaintiff claims the lack of a subsequent order made it

9    unclear when the discovery cutoff was.  Under either schedule, discovery ended in May 2021.

10        On July 22, 2020, the district judge ordered the parties to engage in the Voluntary Dispute

11   Resolution Program.  (ECF No. 10.)  After settlement talks failed on February 9, 2021,

12   defendants served a notice of plaintiff's deposition to take place on March 24, 2021; this was

13   changed to April 22, 2021 at plaintiff's request.  On that day, plaintiff's counsel again postponed

14   plaintiff's deposition until May 14, 2021, when defendants deposed plaintiff for less than four

15   hours, with frequent breaks.  By agreement with plaintiff's counsel, defendants completed

16   plaintiff's deposition on June 4, 2021.  In a July 31, 2021 communication with plaintiff's counsel,

17   defendants stated that "discovery is closed."

18        On August 1, 2021, plaintiff's counsel sent notices of deposition for four of defendants'

19   employees, with deposition dates in October 2021.  Defendants maintained that discovery had

20   closed and refused to produce these individuals for deposition.  Plaintiff asserts that the Initial

21   Scheduling Order did not take into account the VDRP process, which took seven months, and

22   claims she "diligently pursued the depositions of Defendants' witnesses once VDRP was

23   completed." (ECF No. 25 at 11.)  Plaintiff also contends she had a "reasonable good faith belief

24   that the one-year deadline was not being strictly adhered to because Defendants [completed] her

25   deposition after the deadline, and because the court had not made an order after the joint

26   scheduling statement[.]" (Id. at 12.)

27        Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order may

28   not be modified except by leave of court upon a showing of good cause.  In this action, the court's

1  Initial Pretrial Scheduling Order states: "The parties are reminded that, pursuant to Rule 16(b)... ,

2  the Initial Pretrial Scheduling Order shall not be modified except by leave of court upon a

3  showing of good cause."  (ECF No. 3 at 6.)

4         Here, plaintiff did not attempt to notice depositions until August 2021, months after the

5  May 2021 discovery cutoff set by the Initial Scheduling Order.  As the undersigned is bound by

6  this scheduling order, issued by the district judge, plaintiff's motion to compel will be denied

7  without prejudice to plaintiff seeking to amend the scheduling order before the district judge.

8         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel depositions

9  (ECF No. 22) is denied without prejudice.

10 Dated:  November 4, 2021

11                                                    CAROLYN K. DELANEY

12                                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17 2/olocki0789.mtc

18

19

20

21

22

23

24

25

26

27

28

                                          3