UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY OLOCKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BARTON HEALTHCARE SYSTEM, BARTON MEMORIAL HOSPITAL, BARTON MEMORIAL HOSPITAL FOUNDATION INC.,<br><br>Defendants. | No. 2:20-cv-00789-MCE-CKD<br><br>**ORDER** |

Through the present lawsuit, Plaintiff Kimberly Olocki ("Plaintiff") alleges she was subjected to discrimination, retaliation, and harassment by her former employer, Defendant Barton Healthcare System[1], and was ultimately terminated, because she was disabled and because she also sought job accommodations due to domestic violence. Presently before the Court is Plaintiff's Motion to Extend/Reopen Discovery, which the Court construes as a Motion to Amend the operative scheduling order under Federal Rule of Civil Procedure 16(b).

Plaintiff's original complaint, filed April 16, 2020, alleges twenty-five claims under both state, federal and common law. ECF No. 1. The following day, April 17, 2020, the

---

[1] Barton Memorial Hospital Foundation, Inc. is also named as a Defendant in these proceedings. The term "Defendants" is used in this Order collectively refers to both entities.

1

1  Court issued its Initial Pretrial Scheduling Order ("PTSO") which provided, <u>inter alia</u>, that
2  fact discovery be completed within 365 days following the date upon which the last
3  answer was filed.  ECF No. 3, 2:18-20.  Because Defendants' answer was filed on
4  May 14, 2020, that meant the parties' initial discovery had to be completed by May 14,
5  2021.  The PTSO specifies that, in accordance with Federal Rule of Civil
6  Procedure 16(b),[2] its provisions "shall not be modified except by leave of court upon a
7  showing of **good cause**." <u>Id.</u> at 6:22-24 (emphasis in original).  The PTSO goes on to
8  provide that "[a]greement by the parties pursuant to stipulation alone" does not constitute
9  the requisite good cause. <u>Id.</u> at 6:24-25.

10  On July 21, 2020, following the court-mandated discovery conference pursuant to
11  Rule 26(f), the parties filed their Joint Report and Discovery Plan (ECF No. 8).  The
12  parties agreed to participate in the Court's Voluntary Dispute Resolution Program
13  ("VDRP") and suggested slightly different scheduling deadlines, beginning with a
14  May 31, 2021, deadline for completing non-expert discovery that was a little over two
15  weeks past the date mandated by the Court in its PTSO.  While the Court did refer the
16  parties to VDRP by Order dated August 21, 2020 (ECF No. 12), the deadlines set forth in
17  the PTSO were not modified.

18  The VDRP process, during which the parties refrained from pursuing discovery,
19  ended with an unsuccessful VDRP mediation session on February 9, 2021.  Thereafter,
20  on February 16, 2021, Defendants noticed Plaintiff's deposition to take place on
21  March 24, 2021.  Decl. of Teresa Fitzgerald, ECF No. 25-3, ¶¶ 3-4.  Plaintiff's counsel
22  Thomas Dimitre subsequently advised defense counsel that the discovery deadline
23  needed to be extended because he and his client were not available for deposition until
24  late April at the earliest.  In response, defense counsel opined that the current discovery
25  cutoff was in mid-May and asked how much of an extension was needed. <u>Id.</u> at ¶¶ 5-7.
26  ///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

Ultimately, no steps were taken to amend the operative PTSO with its fact discovery deadline of May 13, 2021.

Nonetheless, the parties agreed to move Plaintiff's deposition from March 24, 2021, as noticed, to April 22, 2021. Plaintiff's deposition did not proceed on April 22, however, allegedly because of Plaintiff's panic disorder. In attempting to reschedule, Plaintiff's counsel stated he was unavailable until May 14, 2021, literally the day discovery was closing. While agreeing to the May 14 date, defense counsel did so "provided Plaintiff stipulate to that date and any later date required for completion of Ms. Olocki's deposition, despite the Court's Initial Scheduling Order regarding discovery to the contrary." Id. at ¶ 9, Ex. F. That statement suggests that the parties' agreement trumps the terms of the PTSO even though the PTSO expressly provides just the opposite, providing both that leave of court be obtained for any deviation and that the parties' agreement alone does not constitute the "good cause" needed for modification.

Because Plaintiff's deposition could not be completed on May 14, 2021, it was continued until June 4, 2021, when another nearly four hours of testimony was obtained. No leave of court was obtained for that deposition which occurred after the discovery cut-off.

Plaintiff's counsel Dimitre claims he "attempted on multiple occasions to communicate with Defendants' counsel" concerning the four depositions he wished to obtain;[3] but that no response was received until July 31, 2021, when defense counsel told Dimitre that "discovery was closed." See Decl. of Thomas Dimitre, ECF No. 36-2, ¶ 8, see also Ex 4. When counsel noticed the depositions he wished to obtain (from Defendants' employees Elizabeth Stork, Krystal Korves, Cathy Navarette and Jackie Umana) on August 1, 2021, he was told that the employees would not be produced. Plaintiff proceeded to file a motion to compel before the assigned Magistrate Judge, but on October 28, 2021, the Magistrate Judge determined that Plaintiff's request had to be
///

---

[3] Defense counsel disputes that such attempts were made.

3

1 | made before the undersigned and accordingly denied the motion, without prejudice.
2 | ECF No. 26.  That prompted Plaintiff to file the present motion on November 22, 2021.
3 |       In the meantime, Defendants moved for summary judgment on November 10,
4 | 2021 (ECF No. 31), relying to a large extent on Plaintiff's deposition testimony.  Plaintiff
5 | claims he cannot meaningfully oppose the defense summary judgment without obtaining
6 | depositions from the four employees.  By Order filed November 24, 2021, the Court
7 | extended Plaintiff's deadline until such time as the present motion for relief from the
8 | PTSO could be decided.  ECF No. 38.
9 |       The dispositive factor in the view of this Court lies with the parties' failure to seek
10 | leave of court, as required by both the terms of Rule 16(b) and the PTSO itself, to obtain
11 | discovery after the deadlines set forth in the PTSO had passed.  Instead, as indicated
12 | above, defense counsel incorrectly assumed that a stipulation could be made absent
13 | court involvement.  The defense obtained the last segment of Plaintiff's deposition
14 | without authorization after fact discovery had closed, yet now opposes Plaintiff's request
15 | for limited discovery also after the cut-off date.  Permitting that would both reward
16 | defense counsel for failing to comply with the court's procedures and penalize Plaintiff
17 | for similarly obtaining discovery after the deadline.  In exercising its discretion and in
18 | order to prevent the inequity that would otherwise result, the Court consequently will
19 | grant Plaintiff's request for relief under Rule 16(b).
20 |       Plaintiff's Motion to Reopen Discovery (ECF No. 36) is therefore GRANTED[4] for
21 | the limited purpose of obtaining the depositions of Elizabeth Stork, Krystal Korves, Cathy
22 | Navarette and Jackie Umana.  The deadline for completing that discovery will be sixty
23 | ///
24 | ///
25 | ///
26 | ///

---

[4] Having determined that oral argument would not be of material assistance, the Court submitted this matter on the briefs in accordance with E.D. Local Rule 230(g).

(60) days from the date this Order is electronically served.  Defendants' Motion for Summary Judgment (ECF No. 31) is DENIED, without prejudice to being refiled once the additional discovery authorized herein has been obtained.

    IT IS SO ORDERED.

Dated:  August 9, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE